MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
11622 El Camino Real, Suite 100
San Diego, California 92130
Telephone (855) 835-5520
mak@kramerlawip.com

PATRICIA A. SHACKELFORD, SBN 218647
11622 El Camino Real, Suite 100
San Diego, California 92130
Telephone (858) 764-2452
pashackelford@yahoo.com


Attorneys for Defendant
SORENSEN RESEARCH AND DEVELOPMENT TRUST

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC., a California company, | ) Case No. 11cv03720-GW JEMx |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| SORENSEN RESEARCH AND | ) **DEFENDANT'S MOTION TO DISMISS** |
| DEVELOPMENT TRUST, | ) **DECLARATORY CLAIM FOR** |
| | ) **PATENT INVALIDITY AND** |
| Defendant. | ) **UNENFORCEABILITY OR, IN THE** |
| | ) **ALTERNATIVE, FOR ENTRY OF** |
| | ) **FINAL JUDGMENT OF NON-** |
| and related counterclaim | ) **INFRINGEMENT UNDER FRCP 54(b)** |
| | ) |
| | ) Date:        October 18, 2012 |
| | ) Time:        8:30 a.m. |
| | ) Courtroom 10 |
| | ) Judge George H. Wu |
| | ) |
| | ) |
| | ) |
| | ) |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................. 1

I.    DEFENDANT SORENSEN'S MOTION TO DISMISS PLAINTIFF
      HOMELAND'S DECLARATORY JUDGMENT CLAIM FOR
      PATENT INVALIDITY AND UNENFORCEABILITY, OR, IN
      THE ALTERNATIVE, FOR ENTRY OF FINAL JUDGMENT OF
      NON-INFRINGEMENT UNDER FRCP 54(b)............................. 1

      A.    STATEMENT OF FACTS. .................................................. 1
      B.    ARGUMENT ..................................................................... 3
            1.    The Court Should Dismiss Homeland's Invalidity Claim
                  for Lack of Jurisdiction............................................. 3
            2.    The Court Should Exercise Its Discretion To Dismiss
                  Homeland's Invalidity Claim Thereby Avoiding Waste Of
                  Judicial and Party Resources ...................................... 6
                  a.    The Court has already ruled that Plaintiff "wins." ........ 7
                  b.    If the Federal Circuit reverses claim construction,
                        invalidity would have to be litigated twice....................... 7
                  c.    Further discovery proceedings are necessary
                        if the Invalidity Claim is not dismissed ........................... 8
                  d.    Homeland's arguments against dismissal disclose
                        an improper intent in continuing this litigation .............. 8
            3.    The Court, In The Alternative To Dismissal, Should
                  Direct Entry Of Final Judgment On Homeland's Claim
                  For Declaratory Relief Of Noninfringement Under
                  Fed. R. Civ. P. 54(B) ................................................ 11
      C.    CONCLUSION ................................................................ 12

II.   IF THE COURT PROCEEDS ON THE INVALIDITY CLAIM,
      DISCOVERY DISPUTES NEED TO BE RESOLVED AND FURTHER
      DISCOVERY CONDUCTED ................................................... 13

      A.    Sorensen has agreed to supplement, if necessary, RFP 16, regarding third ...
            party assertions of invalidity.. ................................... 13
      B.    Expert report deadlines need to be set. ......................... 14
      C.    Homeland should be required to supplement its Second Amended
            Invalidity Contentions served September 7, 2012 with the required
            document production. ................................................. 14
      D.    Homeland should be required to supplement its response to Interrogatory
            No. 6 identifying facts, documents, and witnesses supporting its
            Invalidity Claim. ....................................................... 15

i.

E.  Sorensen needs to depose recently identified invalidity witness, Joe Meyer. ...............................................................17

F.  Sorensen needs to complete a Fed.R.Civ.P. 30(b)(6) deposition of Homeland ...............................................................19

III.  HOMELAND'S PROPOSAL TO ENGAGE IN SATELLITE LITIGATION TO SUPPORT AN ATTORNEY FEES MOTION SHOULD BE DENIED. ...........................................................19

A.  Homeland has already lost a motion to compel Request No. 32.................20

B.  Any further response to Request No. 30 would be moot. ...........................20

C.  The Court should also prohibit any other post-summary judgment discovery on attorney fees. ...........................................................21

D.  The Court should prohibit discovery based on unfounded allegations that Sorensen did not conduct adequate pre-infringement letter investigation. ...........................................................21

E.  The Court should deny Homeland's efforts to seek information regarding other accused infringers that are not a part of this litigation.......22

CONCLUSION ...........................................................24

ADDENDUM of discovery requests and responses

# TABLE OF AUTHORITIES

## Statutes

35 U.S.C. § 103 ................................................................................................. 15

35 U.S.C. § 285 ................................................... 1, 10, 12, 19, 20, 21,22, 24

28 U.S.C. § 2201 ................................................................................................. 2

28 U.S.C. § 2201(a) ........................................................................................... 7

Fed.R.Civ.P. § 13(a) .......................................................................................... 3

Fed.R.Civ.P. § 26(a)(2)(B) .................................................................. 17, 18, 19

Fed.R.Civ.P. § 26(b) ....................................................................................... 19

Fed.R.Civ.P. § 30(b)(6) ............................................................................. 15, 19

Fed.R.Civ.P. § 54(b) ................................................................ 1, 11, 12, 13, 25

## __Caselaw__

*Akami Techs. v. Cable & Wireless Internet Servs., Inc.,*
    344 F.3d 1186 (Fed. Cir. 2003) ...................................................................7

*Altvater v. Freeman,* 319 U.S. 359, 63 S.Ct. 1115 (1943) ..............................3, 5

*Angelo Mongiello's Children, LLC v. Pizza Hut, Inc.,*
    70 F.Supp.2d 196 (E.D.N.Y. 1999) ..........................................................6

*Aspex Eyewear Inc. v. Clariti Eyewear, Inc.,* 605 F.3d 1305
    (Fed. Cir. 2010) ..................................................................................21, 22

*Aventis Cropscience, N.V. v. Pioneer Hi-Bred International, Inc.,*
    294 F.Supp.2d 739 (M.D.N.C. 2003) ...............................10, 21, 22, 23

*Benitec Australia, LTD. v. Nucleonics, Inc.,* 495 F.3d 1340,
    (Fed. Cir. 2007) ................................................................................3, 4, 5

*Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83,
    113 S.Ct. 1967 (1993) ...............................................................................5

*Celerity, Inc. v. Ultra Clean Tech. Sys. & Serv., Inc.,*
    2007 WL 1202240, at *12 (N.D.Cal. Apr. 23, 2007) ..............................6

*Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8,
    100 S.Ct. 1460 (1980) .............................................................................11

*Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448 (Fed. Cir. 1998) ......................7

*Dolby Labs., Inc. v. Lucent Techs. Inc.,* 2005 WL 2171921, at *2, n.6
    (N.D.Cal. Sept. 6, 2005) ...........................................................................7

*Forest Labs., Inc. v. Abbott Labs.,* 339 F.3d 1324 (Fed. Cir. 2003) .................21

*Liquid Dynamics Corp. v. Vaughan Co.,* 355 F.3d 1361
    (Fed. Cir. 2004) ........................................................................................7

*Magsil Corp. v. Hitachi Global Storage Techs.,* 344 F.3d 1234
    (Fed. Cir. 2012) ......................................................................................10

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118,

127 S.Ct. 764 (2007) ....................................................................3, 4, 5, 7

*Microchip Tech. Inc. v. Chamberlain Group, Inc.,* 441 F.3d 936,

(Fed. Cir. 2006) ...........................................................................4, 5

*MLMC, Ltd. v. Airtouch Commc'ns., Inc.,* 172 F.Supp.2d 557

(D.Del. 2001) ...................................................................................6

*Nystrom v. Trex Co.,* 339 F.3d 1347 (Fed. Cir. 2003) ...............................6, 7, 11

*Phonometrics, Inc. v. Northern Telecom Inc.,* 133 F.3d 1459

(Fed. Cir. 1998) ............................................................................6, 7

*Powertech Tech. Inc. v. Tessera, Inc.,* 660 F.3d 1301 (Fed. Cir. 2011) ...........4, 5

*Schering Corp. v. Amgen, Inc.,* 35 F.Supp.2d 375 (D.Del. 1999) .......................8

*Silicon Graphics, Inc. v. ATI Techs., Inc.,* 569 F.Supp.2d 819

(W.D. Wis. 2008) ..............................................................................24

*Sliptrack Sys., Inc. v. Steeler Metals, Inc.,* 2004 WL 2578432, at *1

(N.D.Cal. Nov. 12, 2004) ...................................................................4, 5, 7

*Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209 (1974) ) ....................................3

*Tokai Corp. v. Easton Enters., Inc.,* 632 F.3d 1358 (Fed. Cir. 2011) ...........10, 18

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.,*

975 F2d 858 (Fed. Cir. 1992) ...............................................................11

## INTRODUCTION

The Court should dismiss Plaintiff Homeland's remaining declaratory judgment claim for invalidity and unenforceability without prejudice, either due to the lack of jurisdiction resulting from the absence of an "actual controversy" or due to the Court's inherent power to discretionarily dismiss this declaratory judgment claim.   In the alternative, the Court should enter final judgment on the summary judgment of non-infringement ruling pursuant to Fed.R.Civ.P. 54(b) to allow Defendant Sorensen to appeal the claim construction ruling and finding of non-infringement derived therefrom.  Dismissal is particularly compelling here given that proceeding with Plaintiff's invalidity claims would needlessly expend the Court's and the parties' resources after the Court has already granted Plaintiff summary judgment of non-infringement.  Defendant's Motion to Dismiss is set forth in Section I, below.

This document contains two additional sections, per instructions of the Court during the September 6, 2012 Status Conference.

In Section II, Defendant addresses discovery, both existing disputes and anticipated discovery necessary, with respect to the invalidity and unenforceability claim.  If the Court grants Defendant's Motion to Dismiss, Section II becomes moot.

In Section III, Defendant addresses Plaintiff's indicated intent to file a motion for attorney's fees based on 35 U.S.C. § 285 and to conduct wide-ranging discovery in connection therewith.  Such a motion is inappropriate factually and legally, but also is a moot point if the Court allows Plaintiff to continue to litigate the invalidity claim.

**I.    DEFENDANT SORENSEN'S MOTION TO DISMISS PLAINTIFF HOMELAND'S DECLARATORY JUDGMENT CLAIM FOR PATENT INVALIDITY AND UNENFORCEABILITY, OR, IN THE ALTERNATIVE, FOR ENTRY OF FINAL JUDGMENT OF NON-INFRINGEMENT UNDER FRCP 54(b)**

**A.    STATEMENT OF FACTS**

Defendant Sorensen Research and Development Trust ("Defendant" or "Sorensen")

is the owner of U.S. Patent No.  6,599,460 ("'460 patent"), a process patent relating to manufacture of injection molded plastic products.  As part of its legal obligation to "police its patents," and in respect for the rights of legitimate licensees of its technology, Sorensen regularly reviews the marketplace for any products that appear to utilize any of its patented technology without proper licensing.

In the course of routine review of products in the marketplace, Sorensen located the Magic Bullet blender/mixer system which contains plastic cups.  A sample product was purchased and examined and that examination demonstrated to Sorensen's experts that it appeared to have been manufactured utilizing the '460 patented process.  Sorensen had not licensed the company selling and marketing the Magic Bullet for use of the '460 patent, namely, Homeland Housewares, LLC.  Thus, a letter notifying Homeland of this apparent patent infringement was sent out.

By letter dated March 18, 2011, Sorensen informed Homeland that it had examined certain plastic components of Homeland's Magic Bullet blender/mixer system and was concerned that Homeland was making unauthorized use of the patented technology set forth in the '460 patent. (Doc. #1, Exhibit 2).

Homeland responded by letter denying infringement and, after one more exchange of correspondence, Homeland filed the Complaint that commenced this lawsuit, naming Sorensen as defendant, for "Declaratory Relief of Non-Infringement and Invalidiyt[sic] of U.S. Patent No. 6,599,460."  (Doc. #1).

In paragraph 20 of the Complaint, Homeland identified the justiciable controversy that gave rise to this Court's jurisdiction to hear Homeland's Complaint for declaratory relief under 28 U.S.C. § 2201:

> Because HOMELAND HOUSEWARES makes and sells the containers that Sorensen claims infringe the '460 patent, **there is a substantial, continuing, and justiciable controversy** between HOMELAND HOUSEWARES, on the one hand, and Sorensen, on the other hand, **relating to the purported infringement of the '460 patent**.

(Doc. #1, ¶ 20 (emphasis added)).

1    This justiciable controversy between the parties relating to infringement of the '460

2    patent was resolved by this Court when the Court granted Homeland's summary judgment

3    motion on infringement.  On August 23, 2012, this Court held that there was no genuine

4    dispute that the manufacturing processes used to make the products in question do not

5    infringe the '460 patent (Doc. #140).  Subsequently, on August 30th, the Court entered an

6    Order granting Homeland's motion for summary judgment of non-infringement, as well as

7    dismissing with prejudice Sorensen's compulsory counterclaim[1] for infringement.  (Doc.

8    #143).  As such, the justiciable controversy between the parties has been resolved in

9    Homeland's favor, subject to Sorensen's right of appeal.

10    The Complaint also made Second Claim for Relief for Declaratory Judgment of

11    Invalidity and Unenforceability ("Invalidity Claim").  See Doc. #1, ¶ 23, *et seq*.

12    **B.    ARGUMENT**

13            1.    The Court Should Dismiss Homeland's Invalidity Claim For Lack Of

14                  Jurisdiction.

15    It has long been held that declaratory judgment jurisdiction requires the existence of

16    an actual case or controversy.  *Altvater v. Freeman*, 319 U.S. 359, 363, 63 S.Ct. 1115

17    (1943). The dispute must be "real and substantial" and "definite and concrete, **touching the**

18    **legal relations of parties having adverse legal interests**." *MedImmune, Inc. v. Genentech,*

19    *Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2007) (emphasis added).

20    The requirement of a dispute must persist throughout the litigation.  "'The rule in

21    federal cases is that an actual controversy must be extant at all stages of review, not merely

22    at the time the complaint [was] filed.'"  *Benitec Australia, LTD. v. Nucleonics, Inc.*, 495

23    F.3d 1340, 1345 (Fed. Cir. 2007) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10, 94

24    S.Ct. 1209 (1974)).  "The burden is on the party claiming declaratory judgment jurisdiction

25    to establish that such jurisdiction existed at the time the claim for declaratory relief was

26    filed and that it has continued since." *Id.* at 1344.

27

28
    _____

    [1] Fed.R.Civ.P. Rule 13(a)

1    Declaratory judgment jurisdiction requires "adverse legal interests." In other words,

2    there must be a dispute over a legal right such as a cause of action for infringement.

3    *Powertech Tech. Inc. v. Tessera, Inc.,* 660 F.3d 1301, 1306 (Fed. Cir. 2011) (discussing

4    Supreme Court's adoption of "adverse legal interest requirement" in *MedImmune*).  Fear of

5    a future dispute "does not provide the immediacy and reality required for a declaratory

6    judgment." *Benitec,* 495 F.3d at 1346.

7    Following issuance of the Order granting Homeland's motion for summary

8    judgment of non-infringement, there ceased to be the required case or controversy that

9    touches the "legal relations" as between the parties.  The Court has held that the Accused

10   Products do not infringe the patent-in-suit.

11   Now that the competing causes of action for non-infringement and infringement

12   have been resolved in this Court, the parties no longer have further "adverse legal interests"

13   that would support any further declaratory relief jurisdiction.  Any other type of interest in

14   proceeding to litigate (academic, vindictive, punitive, economic, fear of future disputes)

15   does not suffice to create jurisdiction to continue this case.

16   "Without an underlying legal cause of action, any adverse economic interest that the

17   declaratory plaintiff [Homeland] may have against the declaratory defendant [Sorensen] is

18   not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction."

19   *Microchip Tech. Inc. v. Chamberlain Group, Inc.,* 441 F.3d 936, 943 (Fed. Cir. 2006); *see*

20   *also Powertech*, 660 F.3d at 1306 (no declaratory judgment jurisdiction in absence of

21   controversy as to legal right).

22   The infringement controversy between the parties that formed the basis for this

23   lawsuit has come to an end.  The parties' legal dispute does not go beyond the particular

24   patent claims and Accused Products involved in this suit.  With the grant of summary

25   judgment of non-infringement, the Court should dismiss the remaining declaratory claim

26   for invalidity for lack of jurisdiction.  *See, e.g., Sliptrack Sys., Inc. v. Steeler Metals, Inc.*,

27   2004 WL 2578432, at *1 (N.D.Cal. Nov. 12, 2004) (court granted summary judgment of

28   non-infringement and dismissed invalidity counterclaims noting, *inter alia*, that "the

1   [Supreme] Court has also held that once a trial court rules there has been no infringement it

2   may not adjudicate the validity issue.").

3       Homeland's argument that this Court's jurisdiction does continue under the

4   circumstances of this case is based upon erroneous reading of U.S. Supreme Court

5   authority and mischaracterization of other caselaw.

6       Homeland has erroneously asserted that the U.S. Supreme Court ruling in *Cardinal*

7   *Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 113 S.Ct. 1967 (1993), held that a trial court

8   that finds non-infringement has continued jurisdiction to hear a claim for declaratory

9   judgment of invalidity.  (Doc. #145, Joint Report, p. 8).  Both that opinion on its face, and

10  as recognized by the Federal Circuit in *Benitec,* the Supreme Court in *Cardinal Chem.* did

11  **not** render a decision on trial court jurisdiction:

12        First, the Supreme Court makes clear at the outset of its opinion that "[t]he
13        practice [the Federal Circuit's uniform practice of declaring the issue of
          validity moot if it affirms the district court's finding of noninfringment],
14        and the issue before us, therefore concern the jurisdiction of an intermediate
          appellate court-**not the jurisdiction of either a trial court or this Court.**
15        In the trial court, of course, a party seeking a declaratory judgment has the
16        burden of establishing the existence of an actual case or controversy."

17  *Benitec,* 495 F.3d at 1345 (quoting *Cardinal Chemical*, 508 U.S. at 95) (emphasis added).

18  "This court has rejected the argument that subsequent events cannot divest the trial court of

19  jurisdiction, noting that *Cardinal Chemical* dealt primarily with this court's previous

20  practice of vacating findings of patent invalidity as moot in light of non-infringement."

21  *Benitec*, 495 F.3d at 1345.

22       Further, contrary to Homeland's sweeping characterization of Sorensen as relying on

23  "case law that involved covenants-not-to-sue" (Doc. #145, p. 7),  *Altvater, MedImmune,*

24  *Cardinal Chemical, Powertech,* and *Sliptrack* have nothing to do with covenants not to sue,

25  and the legal holdings for which Sorensen cites *Microchip* and *Benitec* are unrelated to such

26  a covenant.

27       Finally, Homeland attempts to resurrect the infringement dispute citing Sorensen's

28  intent to appeal.  (Doc. #145, p. 7). Sorensen does not deny that it intends to file an appeal

upon entry of final judgment in this case, however, trial court and appellate court jurisdiction are separate and distinct matters. Unless the Federal Circuit in the exercise of its appellate jurisdiction reverses the Court's decision on infringement, there will remain no "case or controversy" to support any continued declaratory judgment jurisdiction in this trial court.

Homeland cannot have it both ways – Homeland cannot assert that there still exists a dispute over infringement for purposes of maintaining jurisdiction over its invalidity claim and, at the same, assert that the infringement dispute was resolved in its favor, proclaiming itself as prevailing party for purposes of an attorneys' fee motion (as referenced in Doc. #145, pg. 7).

Declaratory judgment jurisdiction requires "adverse legal interests" and Homeland's sheer desire to invalidate the '460 patent does not meet this requirement.  With this Court's Order granting summary judgment of non-infringement, there is no longer any case or controversy sufficient to permit the Court to adjudicate Homeland's claims of invalidity.

2. <u>The Court Should Exercise Its Discretion To Dismiss Homeland's Invalidity Claim Thereby Avoiding Waste Of Judicial And Party Resources.</u>

Even if the Court finds that jurisdiction exists to hear this remaining declaratory judgment matter, the Court should exercise its discretion to dismiss Homeland's Invalidity Claim as moot.

A district court may exercise its discretion to dismiss without prejudice a claim for invalidity and unenforceability as moot where it finds no infringement.  *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *Nystrom v. Trex Co.,* 339 F.3d 1347, 1351 (Fed. Cir. 2003); *see, e.g., MLMC, Ltd. v. Airtouch Commc'ns., Inc.,* 172 F.Supp.2d 557, 567 (D.Del. 2001) (because court granted motion for summary judgment of non-infringement, court dismissed invalidity claims as moot); *Angelo Mongiello's Children, LLC v. Pizza Hut, Inc.,* 70 F.Supp.2d 196, 208 (E.D.N.Y. 1999) (same); *Celerity, Inc. v. Ultra Clean Tech. Sys. & Serv., Inc.,* 2007 WL 1202240, at *12 (N.D.Cal. Apr. 23,

1   2007) (same); *Sliptrack*, 2004 WL 2578432, at *1 (court dismissed invalidity claims as

2   moot based upon both lack of jurisdiction and discretionary authority under *Phonometrics*

3   and *Nystrom*).  The Declaratory Judgment Act "provides that a court 'may declare the rights

4   and other legal relations of any interested party,' 28 U.S.C. § 2201(a) (emphasis added), not

5   that it *must* do so."  *MedImmune*, 549 U.S. at 136 (emphasis in original).  "This text has

6   long been understood 'to confer on federal courts unique and substantial discretion in

7   deciding whether to declare the rights of litigants.'"  *Id.*  Due to the discretionary nature of

8   this dismissal, a court dismissing a claim for invalidity and unenforceability after a finding

9   of non-infringement is reviewed only for abuse of discretion.  *Liquid Dynamics Corp. v.*

10  *Vaughan Co.,* 355 F.3d 1361, 1371 (Fed. Cir. 2004).

11      The potential for waste of party and judicial resources here weighs strongly in favor

12  of dismissal.

13                    a.      The Court has already ruled that Plaintiff "wins."

14      Homeland sued Sorensen because it did not agree with Sorensen's contention that it

15  was infringing on Sorensen's '460 patent (and thus did not want to obtain a license).  The

16  Court agreed with Homeland and ordered summary judgment.  Instead of just accepting this

17  determination, Homeland wants to keep fighting more.  It is unnecessary and a waste of

18  party and judicial resources all around.

19
20                    b.      If the Federal Circuit reverses claim construction, invalidity would
                              have to be litigated twice.

21      Because "[a]ppellate review of the Court's claim construction will obviously impact

22  any invalidity determination,"[2] the parties and the Court should not shoulder the

23  unnecessary burden and expense of litigating invalidity twice.  *Dolby Labs., Inc. v. Lucent*

24  *Techs. Inc.,* 2005 WL 2171921, at *2, n.6 (N.D.Cal. Sept. 6, 2005) (court dismissed claims

25  for declaratory judgment of invalidity in the interests of judicial economy even though both

26      [2] "The first step in any invalidity analysis is claim construction." *Akami Techs. v.*
27  *Cable & Wireless Internet Servs.*, *Inc.,* 344 F.3d 1186, 1192 (Fed. Cir. 2003) (emphasis
    added); *see also Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1456 (Fed. Cir. 1998)
28  (claim construction subject to *de novo* review).

1    parties had fully briefed plaintiff's motion for summary judgment and filed motions in

2    limine should invalidity claims go to trial); *Schering Corp. v. Amgen, Inc.,* 35 F.Supp.2d

3    375, 378 (D.Del. 1999) (continuation of suit on, *inter alia*, invalidity counterclaims

4    "unnecessary and wasteful" if Federal Circuit reversed claim construction and remanded

5    for further proceedings).

6          If the Federal Circuit were to vacate or modify the Court's claim construction order

7    regarding "threshold rate," and related rulings regarding prior art patents, the parties will

8    have to relitigate Homeland's invalidity claims.

9          Homeland has already secured a favorable result in this lawsuit with both the

10   Court's adoption of Homeland's claim construction of "threshold rate" and a finding of no

11   infringement.  Appellate review could render continuation of suit on the invalidity claims

12   an even greater waste of time if the Federal Circuit reverses this Court's rulings on claim

13   construction and/or prior art.  Neither the Court nor the parties should have to shoulder the

14   unnecessary and wasteful burden of trying the invalidity claims twice.  The Court should

15   exercise its discretion to dismiss the remaining declaratory judgment claim without

16   prejudice, and thereby avoid needless expenditure of judicial and party resources.

17         c.    *Further discovery proceedings are necessary if the Invalidity Claim is
18               not dismissed.*

19         As discussed in detail in Section II, below, there are a broad number of discovery

20   disputes and further discovery to be completed on both sides if the Invalidity Claim

21   proceeds on to either dispositive motions or trial.  All of this work by the parties and the

22   Court is an unnecessary burden and wasteful expenditure of time.

23         d.    *Homeland's arguments against dismissal disclose an improper intent
24               in continuing this litigation.*

25         Homeland asks this Court to exercise its discretion to hear the invalidity claims,

26   casting aspersions on Sorensen in the Joint Report with false implications that Sorensen has

27   misused the legal system with repeat litigation. (Doc. #145, p. 8)  Not only are the attacks

28   on Sorensen blatantly false, but they demonstrate an attempt by Homeland and its counsel

1   to misuse the declaratory relief power of the Court to punish a patent holder that made an

2   accusation of infringement.

3   As detailed above, declaratory judgment jurisdiction is based upon the existence of

4   an actual, adverse legal interests between parties.  A party cannot simply file a lawsuit

5   against someone it does not like.  There must be an actual legal controversy and, in the case

6   of an invalidity challenge on grounds largely the same as material already reviewed by the

7   USPTO before issuance of the patent, it better be good one.

8   Sorensen has been the subject of three lawsuits involving the '460 patent – this case,

9   another declaratory suit filed by Trojan Law Offices within weeks of this one, and a third

10   declaratory suit that was never served and was subsequently, voluntarily dismissed.

11   (*Kramer Decl.*, ¶ 5).  It is Trojan Law Office that has been obsessed with litigating the '460

12   patent, not Sorensen.  If anything, it is Homeland (and its counsel) that seeks to misuse the

13   legal system by (1) challenging validity of a patent with little more than what was already

14   reviewed and discarded by the U.S. Patent Office during patent prosecution (after already

15   getting a ruling of non-infringement); and (2) seeking to conduct satellite litigation on

16   every interaction that Sorensen has ever had with other patent infringers.

17
18
*(i)   A party challenging validity of a patent has a high burden of proof – clear and convincing evidence.*

19   Based upon the Second Amended Preliminary Invalidity contentions served on

20   September 7, 2012, Homeland intends to assert invalidity of independent claims 1 and 18

21   based on indefiniteness with respect to certain terms, including "threshold rate,"

22   nonenablement with respect to the Court's construction of "flow chambers," and

23   obviousness over the combination of Smith and Allen. (*Kramer Decl.*, ¶ 4).

24   As for Homeland's assertions of indefiniteness, the claims were already examined

25   "for compliance with the requirement for definiteness of 35 U.S.C. 112" during patent

26   prosecution, and the Patent Examiner could only "allow claims which define the subject

27   matter with a <u>reasonable</u> degree of particularity and distinctness."  Manual of Patent

28   Examining Procedure (MPEP) 2173.02 (emphasis in original) (*Kramer Decl.*, ¶ 6).

1    A party challenging invalidity based on claimed nonenablement must do so by clear

2    and convincing evidence, and cannot prevail on summary judgment if the Court finds a

3    genuine dispute on this issue.  *See Magsil Corp. v. Hitachi Global Storage Techs.*, 344 F.3d

4    1234, 1238-39 (Fed. Cir. 2012).

5    As for obviousness, Homeland's assertions based on Smith and Allen were already

6    expressly considered and rejected during patent prosecution. (*Kramer Decl.*, ¶ 7).  "[A]

7    party challenging validity shoulders an enhanced burden if the invalidity argument relies on

8    the same prior art considered during examination by the U.S. Patent and Trademark

9    Office." *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1367 (Fed. Cir. 2011)

10   (emphasis added).

11   *(ii)    Satellite litigation on an anticipated attorney fees motion is*

12   *impermissible.*

13   Homeland has indicated that it now desires to conduct discovery in efforts to support

14   an "exceptional case" motion for attorney fees under 35 U.S.C. § 285.  In fact, Homeland

15   has sought to squeeze a demand for money damages into its declaratory relief action from

16   the beginning.  Precisely six weeks after receiving an infringement notice from Sorensen,

17   Homeland filed this suit, claiming in paragraph 16 that "this case qualifies as an

18   'exceptional case' under 35 U.S.C. § 285." (Doc. #1).

19   As will be discussed in further detail in Section III, below, Homeland is not entitled

20   to pursue discovery on its intended attorney fees motion. *Aventis Cropscience, N.V. v.

21   Pioneer Hi-Bred International, Inc.*, 294 F.Supp.2d 739, 744 (M.D.N.C. 2003).  In fact,

22   "[p]ost-summary judgment discovery to determine a party's entitlement to attorney's fees

23   is, in fact, strongly disfavored and normally prohibited." *Id.* at 744 (court denied post-

24   summary judgment discovery regarding entitlement to fees under Section 285).  "Any

25   attorneys' fees discovery should be limited in both scope and amount," and the need for the

26   discovery must clearly outweigh the potential burden and expense on the court and the

27   parties. *Id.*

28   Homeland is trying to maximize the burden and expense of this litigation while

1   simultaneously (and disingenuously) claiming it should be able to force Sorensen to pay for

2   all of it.

3         For all the reasons set forth above, the Court should exercise its discretion to dismiss

4   Homeland's Invalidity Claim, and allow this case to proceed on to the Federal Circuit for

5   appeal.  In the alternative, however, the Court may also direct entry of final judgment on

6   the summary judgment of non-infringement as detailed below.

7         3.   The Court, In The Alternative To Dismissal, Should Direct Entry Of
            Final Judgment On Homeland's Claim For Declaratory Relief Of
8           Noninfringement Under Fed. R. Civ. P. 54(b).
9

10        Federal Rule of Civil Procedure 54(b) permits this Court to "direct entry of a final

11   judgment as to one or more, but fewer than all, claims or parties only if the court expressly

12   determines that there is no just reason for delay."  Fed. R. Civ. Proc. 54(b).  Judgment

13   under Rule 54(b) is proper when: (1) there are multiple claims, (2) at least one of the claims

14   has been adjudicated finally; and (3) the court finds no just reason for delay.  *See W.L. Gore*

15   *& Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F2d 858, 861-62 (Fed.

16   Cir. 1992).

17        The first two prongs of this test have been met.  There are two claims in this

18   declaratory judgment lawsuit – one for non-infringement and one for invalidity and

19   unenforceability – and there is a third claim in the form of a counterclaim for infringement.

20   The Court has reached a final adjudication on the declaratory claim for non-infringement

21   and counterclaim for infringement.  Under facts such as those present in this case, this

22   leaves only the issue of whether there is "just reason for delay."  *See Nystrom*, 339 F.3d at

23   1351.

24        In determining the third prong, whether there is no just reason for delay, the court

25   "must take into account judicial administrative interests as well as the equities

26   involved." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460

27   (1980).  Factors courts consider include "whether the claims under review were separable

28   from the others remaining to be adjudicated and whether the nature of the claims already

1   determined was such that no appellate court would have to decide the same issues more

2   than once even if there were subsequent appeals." *Id.*

3          Here, Homeland's claim of non-infringement is separable from its claim of

4   invalidity and unenforceability.  The nature of Homeland's non-infringement claim is such

5   that the Federal Circuit would not have to decide the same issues more than once in the

6   event that there were subsequent appeals.   Though claim construction is relevant to both

7   infringement and patent invalidity/unenforceability, interests of judicial economy are better

8   served by granting relief under Rule 54(b) and permitting immediate appeal from the

9   judgment of non-infringement.   Immediate appeal would allow the Federal Circuit to

10  review this Court's claim construction of "threshold rate" and related findings regarding

11  prior art patents Smith and Allen.   To a great extent Homeland assertions of invalidity

12  depend upon these claim construction findings and, thus, duplicate efforts can be avoided

13  by staying further proceedings on Homeland's invalidity claims.  The Court should find no

14  just reason for delay and enter final judgment on its finding of non-infringement under Rule

15  54(b).

16          **C.     CONCLUSION**

17          Despite having a favorable resolution in this case on non-infringement, Homeland

18  seeks to continue litigating to punish Sorensen.  It seeks to have the '460 patent invalidated

19  (even though there is no longer any dispute over infringement of the patent by Homeland)

20  and seeks to conduct extensive additional discovery in an effort to make an argument that

21  this was an "exceptional case" under 35 U.S.C. § 285.

22          Proceeding with further discovery, and likely trial, on the Invalidity Claim, is

23  unnecessary, at best, and likely duplicative.  If Sorensen is unsuccessful on appeal at this

24  juncture, then Homeland loses nothing and further burdens and expenses of the parties and

25  Court will have been avoided.  If, alternatively, Sorensen is successful on appeal, the

26  parties may face relitigation of the infringement issues, but they would also have to

27  relitigate the invalidity claims in light of appellate findings regarding claim construction.

28  Regardless of the outcome of the appeal, there is no reason for the parties to respectively

incur the expense and burden of continued litigation, particularly when appellate determination may render these wasted efforts.

Further, Homeland, in its pursuit of attorney fees, cannot continue to pursue this case incurring additional attorney fees trying to achieve an unnecessary objective and then be heard to demand that Sorensen is responsible for these additional attorney fees.  Sorensen cannot be held liable for needlessly incurred attorney fees after Homeland has already "won."

Sorensen respectfully requests the Court to dismiss Homeland's remaining declaratory judgment claim without prejudice either for lack of jurisdiction or under its discretionary power for at least the reason of judicial efficiency, or, in the alternative, direct entry of final judgment of non-infringement under Rule 54(b) staying the remaining declaratory judgment claim.

## II.  IF THE COURT PROCEEDS ON THE INVALIDITY CLAIM, DISCOVERY DISPUTES NEED TO BE RESOLVED AND FURTHER DISCOVERY CONDUCTED.

If the Court grants the Motion to Dismiss set forth above, this section explaining discovery issues relating thereto can be skipped.  However, if the Court decides to allow Homeland to proceed on the Invalidity Claim, discovery already in progress will need to be completed on both sides, some of which is subject to dispute, including Homeland's failure and refusal to respond to previously propounded discovery on the Invalidity Claim until the claim construction ruling was made.

A.  Sorensen has agreed to supplement, if necessary, RFP 16, regarding third party assertions of invalidity.

Homeland identified Request for Production No. 16 in its August 29, 2012 email as a request upon which it intends to file a Motion to Compel.  Request for Production No. 16 states as follows:  "Provide all documents constituting or referring to any assertion by any person that the patent-in-suit is invalid, unenforceable, or not infringed."  Though this request was not listed in Homeland's portion of the September 4, 2012 Joint Report (Doc.

1  #145), Homeland's discussion of its proposed discovery in the Joint Report suggests that it

2  is looking for discovery regarding other entities' assertions regarding invalidity and

3  unenforceability.

4       Sorensen originally responded to this request by stating, *inter alia*, "[w]ithout waiver

5  of objections, Responding Party discloses that it has no documents containing assertions of

6  any prior art claimed to invalidate the '460 patent originating from anyone other than

7  Plaintiff's counsel in this case."  To the extent that Homeland seeks supplemental discovery

8  under Request No. 16, Sorensen agrees to supplement its response, if necessary.

9       B.   <u>Expert report deadlines need to be set.</u>

10       Sorensen intends to submit an expert report in support of its arguments regarding

11  patent validity. Given Homeland's representations in the Joint Report, it would appear that

12  Homeland has already disclosed its invalidity expert report in the form of the previously

13  filed Tobin Declaration.  According to the Joint Report, Homeland does not wish to have an

14  exchange of expert reports or rebuttal expert reports (Homeland proposes no dates for these

15  events in the Joint Report (Doc. #145, p.2)).  Assuming that Homeland confirms that the

16  Tobin Declaration is indeed his final report with respect to invalidity or unenforceability

17  claims, Sorensen agrees that all that is needed here is a deadline for Sorensen to produce its

18  expert report.

19       Sorensen proposes that the Court set a due date for Sorensen's Expert Report at 60

20  days after the Court's decision on the above-described motion to dismiss the invalidity

21  claims, thereby allowing for Sorensen's expert to take into account information learned

22  through the discovery and depositions discussed below.

23       C.   <u>Homeland should be required to supplement its Second Amended Invalidity</u>

24         <u>Contentions served September 7, 2012 with the required document</u>

25         <u>production.</u>

26       On September 7, 2012, Sorensen was served with Homeland's Second Amended

27  Preliminary Invalidity Contentions.  The contentions have been narrowed from that set

28  forth in Homeland's September 13, 2011 Amended Preliminary Invalidity Contentions,

1   with the exception of the additional contention based on this Court's claim construction of

2   "flow chambers" and related statements in the Markman Ruling (Doc. #113, p. 10).

3   Homeland failed, however, to make the required accompanying document production with

4   its service of these contentions, specifically that which would relate to its newest

5   contention. (*Kramer Decl.*, ¶ 4).

6       Discovery, of which invalidity contentions are a part, is designed to provide for

7   orderly and adequate trial preparation.  Sorensen should not be forced to guess about the

8   documents upon which Homeland intends to rely. Homeland should not be permitted to

9   amend its invalidity contentions without also being ordered to make the required

10   accompanying document production.

11       D.   Homeland should be required to supplement its response to Interrogatory No.
12            6 identifying facts, documents, and witnesses supporting its Invalidity Claim.

13       On June 7, 2011, Sorensen propounded Interrogatory No. 6 – "Identify all facts,

14   documents, and witnesses that you may use to support the allegations in paragraph 24 of the

15   Complaint [patent invalidity and unenforceability]."   Homeland provided supplemental

16   responses on July 29, 2011, stating as follows (emphasis added):

17       Paragraph 24 of the Complaint alleges that "[o]ne or more claims of the
18       '460 patent are invalid for failure to meet one or more of the requirements
         of Title 35 of the United States Code, including without limitation, 35
19       U.S.C. §§ 103 and 103." **Plaintiffs object to this interrogatory as
         seeking premature disclosure of expert opinion** and work product.
20

21       Notwithstanding the previous objection and subject thereto, Homeland
         responds that the '460 patent is believed to be invalid over, at least, U.S.
22       Patent No. 5,839,603 to Smith and U.S. Patent No. 4,117,950 to Allen.

23       Homeland served amended invalidity contentions on Sorensen, but failed to provide

24   any accompanying document production. By letter dated September 13, 2012, Homeland,

25   in an effort to dissuade Sorensen from its re-noticed Rule 30(b)(6) deposition, stated that

26   "[t]he witnesses for Homeland's invalidity motion will be Mr. Meyer and Mr. Tobin, our

27   expert." (*Kramer Decl.*, ¶ 8).  This letter, taken with Homeland's statement in the Joint

28   Report that it "expects to rely" on the previously filed Declaration and Expert Report of

1   William J. Tobin (Doc. #145, p.7), suggests re-use of the Tobin Declaration.  Neither the

2   letter nor Joint Report make any commitment regarding the scope and content of Mr.

3   Meyer's testimony, but rather leave open the question of whether Homeland is intending to

4   re-use the Declaration of Joe Meyer, or is preparing something new.

5          Homeland has a history in this case of making its position on invalidity a moving

6   target.  Homeland first served preliminary invalidity contentions August 26, 2011, in

7   accord with the Court deadline for invalidity contentions.  On September 13, 2011,

8   Homeland served *without leave of court* Amended Preliminary Invalidity Contentions

9   adding two new obviousness arguments based on prior art not previously disclosed, and

10  enclosing the previously omitted but required document production associated with

11  invalidity contentions.  A year later, on July 16, 2012, Homeland indicated *by letter from*

12  *counsel* that it was adding new invalidity contentions and, by omission, dropping others.

13  (*Kramer Decl.*, ¶ 9).  Now, as was noted above, Homeland has served on Sorensen Second

14  Amended Preliminary Invalidity Contentions, once again without any accompanying

15  document production.

16         Sorensen moves to compel a full and complete response to Interrogatory No. 6.

17  Being strung along without any adherence to civil procedure with piecemeal information

18  being offered through informal letters violates both the rules and principles of federal court

19  discovery and procedures.  If Homeland is permitted to proceed on its claim for declaratory

20  judgment of invalidity and unenforceability, Sorensen is entitled to formal disclosure of all

21  facts, documents, and witnesses as requested in this interrogatory.  Discovery is intended to

22  permit a party to pin down the opposing party's theories thereby creating a system that

23  allows for adequate trial preparation.

24         Homeland should be limited to the contentions stated in its current Second Amended

25  Preliminary Invalidity Contentions, and required to request leave of Court should it seek

26  any further amendments.  Homeland should be required to state conclusively whether or not

27  it intends to rely on the previously filed Tobin Declaration for purposes of these invalidity

28  claims, and further to affirmatively commit to whether this is Mr. Tobin's final expert

report (having previously stated in at least one email that it is not (*Kramer Decl.*, ¶ 10)).  To the extent Homeland intends to re-use Mr. Meyer's previously filed Declaration (Doc. #120), Sorensen is entitled to disclosure of the specific facts and tests depicted in that declaration upon which Homeland intends to rely in support its invalidity claims.  Likewise, Sorensen is entitled to disclosure of the factual content of any new declaration from Mr. Meyer on these invalidity claims.

E.    Sorensen needs to depose recently identified invalidity witness, Joe Meyer.

Homeland's supplemental initial disclosures in June 2011 identified Joe Meyer as a witness only on infringement – "Testimony relating to the manufacturing of the product accused of infringing the patent in suit." (*Kramer Decl.*, ¶ 11).  In a September 13, 2012 letter, Homeland disclosure of Joe Meyer as a witness for invalidity requires that Sorensen be permitted to take his deposition. Sorensen is entitled to depose Mr. Meyer on the subject of his invalidity testimony, whether that is some portion of his previously filed Declaration (Doc. #120) or a new declaration.  In either event, Sorensen, for instance, will need to question Mr. Meyer regarding the parameters of any tests that he has run that are being used in support of invalidity so that Sorensen can have the opportunity to challenge the accuracy of those tests.

Furthermore, the disclosure of Joe Meyer as an invalidity witness raises the additional question of whether Mr. Meyer qualifies as an employee of Homeland for purposes of the expert report requirements under Federal Rule of Civil Procedure 26(a)(2)(B).  Witnesses who must provide a written report in compliance with the requirements of this rule include those "whose duties as the party's employee regularly involve giving expert testimony."  Fed.R.Civ.P. 26(a)(2)(B).  Joe Meyer has stated under oath that he is Managing Director of Capital Bay Ltd., which company, according to Mr. Meyer, supervises production and quality control of the third-party Chinese factories that manufacture the Accused Products. (Doc. #120, ¶ 1). Homeland has responded in discovery that Capital Bay Ltd. and Homeland Housewares, LLC exist under an umbrella company registered as Call to Action, LLC.  Capital Bay Ltd. is 100% owned by Call to Action,

1    LLC.  Homeland Housewares, LLC, is 90% owned by Capital Brands, LLC (remaining

2    10% owned by Michael Hastie), which is then 100% owned by the same Call to Action,

3    LLC.  (*Kramer Decl.*, ¶ 12). Given the ownership tree, it is possible that Joe Meyer should

4    be deemed an employee of Plaintiff Homeland.  This leaves the issue of whether, under

5    Rule 26(a)(2)(B), Mr. Meyer's duties "regularly involve giving expert testimony" and thus

6    require him providing an expert report.

7         If Homeland is permitted to proceed on its invalidity claims, Sorensen is entitled to

8    depose Mr. Meyer not only about the subject matter of his invalidity testimony, but also the

9    scope of his employment duties and nature of his employment arrangement as between

10   Capital Bay Ltd., Call to Action, LLC, and Plaintiff Homeland to determine whether Joe

11   Meyer is being improperly treated as a non-expert witness in this case. The Federal Circuit

12   recently "cautioned litigants of the 'pitfalls of playing fast and loose with rules of

13   discovery'" under a similar set of facts.  *Tokai*, 632 F.3d at 1365-66 (court upheld sanction

14   of excluding declaration for failure to comply with written expert report requirements of

15   Fed.R.Civ.P. 26(a)(2)(B), where party offering declaration did not disclose declarant as an

16   employee and failed to introduce evidence that his duties did not regularly involve giving

17   expert testimony).

18        Sorensen previously noticed Mr. Meyer's deposition for May 22, 2012, in Irvine,

19   California requesting that Mr. Meyer bring all documents and things relating to the testing

20   of the Accused Products.  Homeland objected to the deposition because Mr. Meyer is a

21   "**resident** of Hong Kong, who is not subject to the jurisdiction of the presiding Court" and

22   further objected to the request that Mr. Meyer produce documents and things related to Mr.

23   Meyer's tests. (*Kramer Decl.*, ¶ 13).  They have not made any representation as to his

24   citizenship.  In order to advance discovery, Sorensen will accede to Homeland's offer to

25   make Mr. Meyer available for deposition by videoconference, reserving all evidentiary

26   objections that may exist with respect to any offering of that testimony into evidence in

27   further proceedings.

28

F.      Sorensen needs to complete a Fed.R.Civ.P. 30(b)(6) deposition of Homeland.

Sorensen issued an amended Rule 30(b)(6) deposition notice regarding factual bases for invalidity contentions to Homeland for September 24, 2012, given counsel for Homeland's representations in August that the deponent was going out of the country on August 9. 2012, and would not return until some time in September 2012.  In the Joint Report, Homeland stated that it did not object to the deposition, and would provide a properly designated witness (Doc. #145, p. 6).  However, by letter dated September 13, 2012, Homeland's counsel strongly urged Sorensen to forego the re-noticed Rule 30(b)(6) deposition in light of the recently-served invalidity contentions. (*Kramer Decl.*, ¶ 8).

Homeland has disclosed that it now intends to use Joe Meyer as an invalidity witness.  To the extent that Homeland intends to rely upon tests conducted upon its own products for purposes of invalidating the '460 patent, Sorensen is entitled to depose Homeland regarding those tests.  Sorensen is also entitled to depose Homeland regarding the scope and nature of Mr. Meyer's employment to determine whether Mr. Meyer is being improperly treated as a non-expert witness in this case, and as to any other matters relating to any of the invalidity contentions made by Homeland in this case.

The purpose of discovery is to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information.  Rule 26(b) permits discovery "that is relevant to the claim or defense of any party" and discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence" including evidence that could be used to impeach a witness. Accordingly, to the extent that Homeland is again refusing to make a witness available for the re-noticed Rule 30(b)(6) deposition, Sorensen moves to compel said deposition.

III.    **HOMELAND'S PROPOSAL TO ENGAGE IN SATELLITE LITIGATION TO SUPPORT AN ATTORNEY FEES MOTION SHOULD BE DENIED.**

Homeland's counsel has indicated that it intends to move the Court for attorney fees under 35 U.S.C. § 285 – "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." During the August 30, 2012 meet and confer, Homeland's

counsel identified three bases for its motion: (1) claimed lack of adequate pre-infringement letter and pre-counterclaim investigation; (2) Homeland prevailed on its motion for summary judgment of non-infringement; and (3) a claim that Sorensen has improperly pursued other companies for patent infringement under the '460 patent. (*Kramer Decl.*, ¶ 14).

Homeland has tried to create a grounds for money damages within its declaratory relief action from the start, asserting that this litigation was "exceptional" in paragraph 16 of its own Complaint (Doc. #1).  Homeland asserts in the Joint Report that it seeks to compel responses to certain discovery requests in its quest for information that it claims will support its proposed motion for attorney fees.  Via email dated August 29, 2012, Homeland indicated that it intends to file a Motion to Compel responses to discovery requests previously served on Sorensen back on July 1, 2011, specifically, Interrogatory No. 6, and Requests for Production Nos. 16, 17, 21, 22, 23, 26, 27, 30, 32, and 36.  Via the Joint Report, Homeland listed the additional Request for Production No. 28, but did not list Requests for Production Nos. 16, 30, and 36.  Because Sorensen is uncertain regarding which requests are still at issue, Sorensen will respond to all listed in the email and Joint Report.  Each and every one of these Requests and Sorensen's response thereto are set forth in the Addendum to this Motion.

A.      Homeland has already lost a motion to compel Request No. 32.

Homeland already moved to compel a further response to Request No. 32 (Doc. #65 and #66).  Their request was denied by the Court (Doc. #74).  Homeland never asked for reconsideration of the ruling.

B.      Any further response to Request No. 30 would be moot.

Sorensen objects to Homeland's Motion to Compel Request for Production No. 30, which states: "Provide all documents relating to the basis for any monetary of[sic] non-monetary loss for which you seek compensation in this action, including any damages measured by lost profits established royalty, reasonable royalty, increased damages, or

prejudgment."  Homeland obtained summary judgment of non-infringement and therefore this request regarding damages information is moot.

C.   The Court should also prohibit any other post-summary judgment discovery on attorney fees.

Sorensen objects to Homeland's Motion to Compel each and every one of these request identified above because Homeland is explicitly seeking discovery related to Homeland's motion for attorney fees under 35 U.S.C. § 285.

Homeland does not have any entitlement to pursue discovery on its intended attorney fees motion. *Aventis Cropscience, N.V. v. Pioneer Hi-Bred International, Inc.,* 294 F.Supp.2d 739, 744 (M.D.N.C. 2003).  In fact, "[p]ost-summary judgment discovery to determine a party's entitlement to attorney's fees is, in fact, strongly disfavored and normally prohibited." *Id.* at 744 (court denied post-summary judgment discovery regarding entitlement to fees under Section 285).  "Any attorneys' fees discovery should be limited in both scope and amount," and the need for the discovery must clearly outweigh the potential burden and expense on the court and the parties.  *Id.*

Homeland is moving, post-summary judgment, to compel discovery responses that it served on Sorensen more than a year ago.  The Court should deny Homeland's request for further discovery on its attorney fee motion, or at the very least, strictly limit the scope of such discovery so as to exclude the topics discussed in Sections D and E below.

D.   The Court should prohibit discovery based on unfounded allegations that Sorensen did not conduct adequate pre-infringement letter investigation.

It is well-settled that [35 U.S.C.] section 285 does not cover alleged bad faith or misleading business conduct on the part of the patentee toward an accused infringer prior to litigation.  *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003); *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.,* 605 F.3d 1305, 1314 (Fed. Cir. 2010).  Thus, even if Homeland's accusations against Sorensen were true, it would not create a basis for a finding of an "exceptional case" under section 285.

Homeland's accusations are furthermore false.  Sorensen obtained and evaluated the

1   accused products before writing the original infringement notice, and thus prior to filing of

2   the counterclaim for infringement, facts that Homeland has received in correspondence and

3   discovery in this case, but continues to disbelieve.  In fact, Homeland's counsel has been

4   offered, again and again, access to the actual product tested by Sorensen, but they have

5   declined to view it.  (*Kramer Decl.*, ¶ 15).

6        Thus, Homeland cannot move for attorney fees, or conduct discovery, based on

7   whether Sorensen conducted an adequate infringement investigation prior to sending an

8   infringement letter.   To the extent that any of the pending discovery requests such

9   information, the Court should deny the motion to compel a further response.

10       E.       The Court should deny Homeland's efforts to seek information regarding

11                other accused infringers that are not a part of this litigation.

12       With each of these discovery requests, Homeland seeks discovery in connection with

13   its assertion that Sorensen has pursued other companies for patent infringement under the

14   '460 patent, an assertion that Homeland intends to use to show "exceptional case" under

15   Section 285.  Homeland explained in the August 30, 2012 meet and confer, as well in the

16   Joint Report, that it seeks to show that Sorensen has not conducted good faith infringement

17   investigations prior to contacting other accused infringers regarding the '460 patent, and

18   further does not engage in good faith communications with these other accused infringers.

19       Such assertions not only are false and defamatory, but also have no bearing on the

20   proposed attorney fees motion under Section 285. Section 285 is limited to alleged "

21   inappropriate conduct **related to the matter in litigation**."  *Aspex Eyewear Inc. v. Clariti*

22   *Eyewear, Inc.,* 605 F.3d 1305, 1314 (Fed. Cir. 2010) (emphasis added). Homeland cannot

23   conduct attorney fees discovery regarding infringement matters outside the litigation, and

24   specifically cannot use its proposed motion for attorney fees to conduct a witch hunt into

25   Sorensen's communications with other companies regarding the '460 patent.

26       Furthermore, courts do not permit such significant secondary litigation over Section

27   285 attorneys' fees.  *See Aventis,* 294 F.Supp.2d at 743-46 ("fees litigation discovery may,

28   and must, be appropriately confined so as not to allow fee litigation to be the tail that wags

the dog"). Homeland seeks to inquire into all of Sorensen's communications with other entities regarding the '460 patent, a patent which was issued nearly ten years ago. The discovery that Homeland proposes is extensive and is also to likely involve some as yet unspecified number of depositions, which may, in turn, trigger further motions to compel. Furthermore, in the event the Court permits such wide-ranging discovery by Homeland, Sorensen will be entitled to serve discovery on Homeland regarding the subject matter of these defamatory allegations and the conduct of Homeland's counsel in gathering such alleged information. The discovery proposed by Homeland qualifies as improper satellite litigation on attorney fees and should be denied. *Aventis*, 294 F.Supp.2d at 744 (citing U.S. Supreme Court and federal appellate circuit cases).

Homeland cannot move for attorney fees, much less seek discovery, based on infringement allegations unrelated to the litigation. Further, Homeland's proposed far-reaching discovery into Sorensen's communications with other companies constitutes improper secondary litigation on attorney fees. For these reasons, Homeland's motion to compel each and every one of these discovery requests should be denied.[3]

Homeland is not entitled to an award of attorney fees because this is not an "exceptional case." A finding of "exceptional case" cannot be based on an alleged lack of adequate pre-infringement letter investigation. A finding of "exceptional case" cannot be based on allegations regarding infringement matters outside the litigation, specifically, Homeland's assertions about Sorensen's communications with other entities regarding the '460 patent. Sorensen conducted a good faith investigation prior to sending any

---

[3] To the extent that Sorensen offered to provide a supplemental response to Interrogatory No. 6 ("Identify all other lawsuits, (by official caption and case number) involving the '460 patent.") and Request for Production No. 23 ("Provide all documents produced by you in any legal proceeding, arbitration or administrative proceeding that involved or involves the patent-in-suit, including all documents produced by you in any other litigation involving the patent-in-suit.") in the Joint Report and at the September 6, 2012 Status Conference, notwithstanding and without waiver of its objections as stated herein, Sorensen will agree to review its files and provide a second supplemental response to Interrogatory No. 6 and provide a supplemental response to Request for Production No. 23 by the date set by the Court, if so ordered.

1   infringement notice to Homeland and filing the counterclaim for infringement, facts that

2   counsel for Homeland insists upon ignoring.  Finally, the fact that Homeland prevailed on

3   its summary judgment motion for infringement does not by default make this an

4   "exceptional case" and entitle it to attorney fees under Section 285.

5           If the Court grants the motion to dismiss the invalidity claims, and if Homeland

6   insists upon filing its proposed motion for attorney fees, notwithstanding the likelihood that

7   such a motion does not meet Rule 11 standards, Sorensen acknowledges that Homeland's

8   proposed motion for attorney fees should be resolved prior to entry of final judgment and

9   appeal therefrom. In the event the Court denies said Motion to Dismiss, the Court must

10  postpone any such motion for attorney fees until there has been a determination on

11  invalidity. Where the patentholder loses on its claim for infringement but prevails on the

12  accused infringer's claims of invalidity, the accused infringer is not a "prevailing party" for

13  purposes of Section 285.  *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F.Supp.2d 819, 833

14  (W.D. Wis. 2008).

15          To the extent that Homeland seeks discovery on its attorney fees motion, such

16  discovery should be denied entirely or severely restricted so as to deny discovery into the

17  patentee's business conduct prior to the litigation as well as the patentee's infringement

18  communications unrelated to this litigation.

19

20                                    **CONCLUSION**

21          For the reasons set forth above, the Court should dismiss Plaintiff Homeland's

22  remaining declaratory judgment claim for invalidity and unenforceability without prejudice

23  (Doc. #1, Second Cause of Action), either due to the lack of jurisdiction resulting from the

24  absence of an "actual controversy" or due to the Court's inherent power to discretionarily

25  dismiss this declaratory judgment claim.  Proceeding with Plaintiff's invalidity claims

26  would needlessly expend the Court's and the parties' resources after the Court has already

27  granted Plaintiff summary judgment of non-infringement.  It is unnecessary, and would

28  cause undue burden and expense to all parties and the Court to proceed otherwise.

1    In the alternative, the Court should enter final judgment on the summary judgment

2  of non-infringement ruling pursuant to Fed.R.Civ.P. 54(b) to allow Defendant Sorensen to

3  appeal the claim construction ruling and finding of non-infringement derived therefrom.

4    If the Court decides to proceed on the Invalidity Claim, then is should address the

5  discovery issues set forth in Section II, above, and enter a scheduling order that would

6  allow for completion of additional discovery directed specifically to that remaining claim.

7  Plaintiff's obsessive intent to file a motion for attorney fees and to conduct discovery it

8  erroneously thinks will support it, needs to be reigned in.  The Court should reject Plaintiff

9  Homeland's efforts to expand this litigation further and deny all discovery requests

10  identified as relating to this motion.

11                                          SORENSEN RESEARCH AND DEVELOPMENT
12                                          TRUST, Defendant

13

14

15                                          /s/ Melody A. Kramer
16                                          Melody A. Kramer
                                            Patricia A. Shackelford
17                                          Attorneys for Defendant

18

19

20

21

22

23

24

25

26

27

28

*Homeland Housewares, LLC v. Sorensen Research & Development Trust*
Case No. 2:11-cv-03720-GW-JEMx

## ADDENDUM

**Homeland seeks further discovery on the following interrogatory and requests for the production of documents.  For each of the following, Homeland's discovery request and Sorensen's answer thereto are recited verbatim.**

Plaintiff Homeland Housewares LLC's Interrogatories, Set One, dated June 30, 2011:

**Homeland Interrogatory No.  6**:  Identify all other lawsuits, (by official caption and case number) involving the '460 patent.

On August 1, 2011, Sorensen responded:  Objection, this request is neither relevant to the issues in this case, nor likely to lead to the discovery of admissible evidence.  Furthermore, this request is burdensome and harassing in that such information is publicly accessible to Requesting Party's counsel, and Requesting Party's counsel is attorney of record on the only other active lawsuit involving the '460 patent.  Without waiver of objections, the only other active lawsuit involving the '460 patent are *Highland Plastics, Inc., V. Sorensen Research and Development Trust*, USDC Central District of California, Case No. 11cv02246 SJO DTBX in which Plaintiff's counsel herein is also counsel of record.  The only other lawsuit filed relating to the '460 patent, it has not been served on Responding Party in *Helen of Troy Texas Corp; Oxo International Ltd., v. Sorensen Research and Development Trust* USDC Western District of Texas Case No. 11-cv-00457-LY.

On October 18, 2011, Sorensen served the following supplemental response: On August 1, 2011, Sorensen responded:  Objection, this request is neither relevant to the issues in this case, nor likely to lead to the discovery of admissible evidence. Furthermore, this request is burdensome and harassing in that such information is

publicly accessible to Requesting Party's counsel, and Requesting Party's counsel is attorney of record on the only other served lawsuit involving the '460 patent. Without waiver of objections, Sorensen responds that there are no other active lawsuits involving the '460 patent. *Highland Plastics, Inc., v. Sorensen Research And Development Trust*, USDC Central District of California, Case No. 11cv02246 SJO DTBX in which Plaintiff's counsel herein is also counsel of record, is being dismissed for lack of subject matter jurisdiction pursuant to proceedings held before Judge Otero on October 17, 2011.

Plaintiff Homeland Housewares LLC's Request for Production of Documents, Set One, dated July 1, 2011:

**Homeland Request for Production No. 16**:   Provide all documents constituting or referring to any assertion by any person that the patent-in-suit is invalid, unenforceable, or not infringed.

On July 28, 2011, Sorensen responded: Objection, this request is vague and ambiguous, overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  To the contrary, it is Plaintiff's attempt to have Responding Party do its work of preparing its own case for declaratory relief. Responding Party refers Plaintiff to the full correspondence file and court file in this case wherein Plaintiff and its counsel assert invalidity and non-infringement, but otherwise, Plaintiff can do its own research.  Without waiver of objections, Responding Party discloses that it has no documents containing assertions of any prior art claimed to invalidate the '460 patent originating from anyone other than Plaintiff's counsel in this case.  Responding Party will not produce any documents.

1  **Homeland Request for Production No. 17**:   Provide all documents
2  constituting or referring to any assertion of infringement of any claim of the
3  patent-in-suit.

4    On July 28, 2011, Sorensen responded: Objection, this vague and
5  ambiguous, overbroad, burdensome, and oppressive in scope, and not reasonably
6  calculated to lead to the discovery of admissible evidence.  Whether or not any
7  other persons or companies infringe the '460 patent is not relevant to the products
8  and parties in this case.  Without waiver of objection and as to assertions of
9  infringement in this case, Responding Party refers Plaintiff to the full
10  correspondence file and court file in this case.

11

12  **Homeland Request for Production No. 21**:   Provide all documents
13  referring to, or generated in connection with, any attempt to determine whether any
14  product embodies any invention claimed in any of the patent-in-suit.

15    On July 28, 2011, Sorensen responded: Objection, this request is ambiguous,
16  non-specific, overbroad, burdensome, and oppressive in scope and not reasonably
17  calculated to lead to the discovery of admissible evidence.  Further, it seeks
18  documents protected by the attorney-client communication and/or attorney work-
19  product privileges.   Without waiver of objections and limited to this case,
20  Responding Party refers to the full correspondence file to date between the parties
21  and all discovery propounded by Responding Party to date.

22

23  **Homeland Request for Production No. 22**:   Provide all documents
24  referring to or created in connection with contemplated or actual litigation to
25  enforce the patent-in-suit.

26    On July 28, 2011, Sorensen responded: Objection, this request is ambiguous,
27  non-specific, overbroad, burdensome, and oppressive in scope and not reasonably

28  Addendum                                3                        11cv03720-GW JEMx

calculated to lead to the discovery of admissible evidence.   Further, it seeks documents protected by the attorney-client communication and/or attorney work-product privileges.   Without waiver of objections and limited to this case, Responding Party refers to the full correspondence file to date between the parties, all discovery propounded by Responding Party to date, and the full court file in the above-captioned case.

**Homeland Request for Production No. 23**:   Provide all documents produced by you in any legal proceeding, arbitration or administrative proceeding that involved or involves the patent-in-suit, including all documents produced by you in any other litigation involving the patent-in-suit.

On July 28, 2011, Sorensen responded: Objection, this request is ambiguous, overbroad, burdensome, and oppressive in scope and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiver of objection, Responding Party responds that the only documents that have been produced in legal proceedings involving the '460 patent are the ones produced herein.

**Homeland Request for Production No. 26**:   Provide all documents referring to, or created in connection with, any negotiations for the licensing, potential licensing, transfer or potential transfer of any rights in the patent-in-suit.

On July 28, 2011, Sorensen responded: Objection, this request is overbroad, burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.   Further, it is intended to harass Responding Party and interfere with Responding Party's confidential business transactions.   Without waiver of objections, Responding Party directs Requesting Party to the complete correspondence file relating to this case.   No further documents will be produced.

**Homeland Request for Production No. 27**:  Provide all documents that you have provided to actual or potential licensors of the patent-in-suit.

On July 28, 2011, Sorensen responded: Objection, this request is overbroad, burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Further, it is intended to harass Responding Party and interfere with Responding Party's confidential business transactions.  Without waiver of objections, Responding Party directs Requesting Party to the complete correspondence file relating to this case.  No further documents will be produced.

**Homeland Request for Production No. 28**:  Provide all business plans, strategic plans, marketing plans, product plans and meeting minutes that discuss the license or sale of any product, prototype or technology that embodies, practices, or falls within the scope of invention(s) claimed in any of the patent-in-suit.

On July 28, 2011, Sorensen responded: Objection, this request is overbroad, burdensome, and oppressive, in scope, and seeks confidential business information, attorney-client privileged, and/or work product privileged information, which is neither relevant nor calculated to lead to the discovery of admissible evidence.  No documents will be produced.

**Homeland Request for Production No. 30**:  Provide all documents relating to the basis for any monetary of[sic] non-monetary loss for which you seek compensation in this action, including any damages measured by lost profits established royalty, reasonable royalty, increased damages, or prejudgment.

On July 28, 2011, Sorensen responded:  Objection, this request is premature in that Responding Party has not yet received discovery responses from Plaintiff regarding unit and dollar values of sales upon which calculations could yet be

1   made.   Furthermore, this request is premature to the extent that it seeks expert

2   testimony in advance of deadlines set by the Fed.R.Civ.P.  No documents will be

3   provided at this time.

4

5        **Homeland Request for Production No. 32**:  Provide all documents filed

6   with any court in litigation, other than this one, involving the patent-in-suit or

7   related applications.

8        On July 28, 2011, Sorensen responded:   Objection, this request is

9   burdensome, oppressive, and harassing.  Plaintiff's counsel, Trojan Law Offices,

10  are the only counsel for the only pending litigation relating to the '460 patent and

11  thus possess all documents filed in such litigation, in addition to them also being

12  publicly available (see Case No. CV11-03720 GW (JEMX) and Case No.

13  11cv02246 SJO   DTBX).   Furthermore although another case has been filed

14  relating to the '460 patent, it has not been served on Responding Party, and all

15  filings therein are publicly accessible to Plaintiff.  No documents will be produced.

16

17       **Homeland Request for Production No. 36**:  Provide all communications

18  between you and any person relating to the invention(s) claimed in the patent-in-

19  suit.

20       On July 28, 2011, Sorensen responded: Objection, this request is overbroad,

21  burdensome, oppressive and not reasonably calculated to lead to the discovery of

22  admissible evidence.  Further, it seeks documents protected by the attorney-client

23  communication and/or attorney work-product privileges.   Without waiver of

24  objections, Responding Party directs Plaintiff to the complete correspondence file

25  relating to this case.  No further documents will be produced.

26

27

28  Addendum                                    6                          11cv03720-GW JEMx